UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

_____

**In re**:

Ashely Isehi Prim,

      **Debtor**.

_____

Ashley Prim,

      **Plaintiff**,

v.

ImmunoTek Bio Centers, LLC
d/b/a Freedom Plasma, and
BioTek America, LLC,

      **Defendants**.

_____

**Case No.** 24-00287
**Chapter 13**
*Dismissed*

**AP No.** 24-00040-DSC

## RESPONSE TO ORDER TO SHOW CAUSE

Defendants ImmunoTek Bio Centers, LLC d/b/a Freedom Plasma, and BioTek America, LLC respond to the Court's Order to Show Cause (Doc. 11, the "Order") as follows:

## ARGUMENT

This Court maintains jurisdiction over the removed lawsuit which is the basis of this adversary proceeding because "[t]he existence of subject matter jurisdiction is determined at the time of removal," so, "[i]f 'related to' jurisdiction exists at the

time of removal subsequent events cannot divest the district court of that subject matter jurisdiction." *In re Briar Bldg. Houston LLC*, 649 B.R. 719, 723–24 (Bankr. S.D. Tex. 2023) (internal quotations omitted). At the time of removal, Plaintiff's main bankruptcy case remained pending, *compare* (Doc. 1) (Notice of Removal filed August 27, 2024) *with In re Prim*, No. 24-0287-DSC13, (Doc. 42) order dismissing case October 9, 2024), and the underlying state court lawsuit undeniably constituted an asset of the debtor's bankruptcy estate. *See Barger v. City of Cartersville, Ga.,* 348 F.3d 1289, 1292 (11th Cir. 2003) ("[P]roperty of [the] bankruptcy estate includes all potential causes of action that exist at the time petitioner files for bankruptcy[.]" (citing 11 U.S.C. § 541(a)), *overruled on other grounds by Slater v. United States Steel Corp.,* 871 F.3d 1174 (11th Cir. 2017). Accordingly, because this Court had "related to" jurisdiction over the state court action at the time of removal, jurisdiction over this adversary proceeding persists.

The only question that remains then, is whether this Court should exercise its discretion to maintain jurisdiction over the action following dismissal of the main bankruptcy case. "[T]he Eleventh Circuit has held that § 349 gives the Bankruptcy Court the discretionary power to alter the normal effects of the dismissal of a bankruptcy case in order to retain subject matter jurisdiction over an adversary proceeding if cause is shown." *In re Gustafson*, 316 B.R. 753, 756 (Bankr. S.D. Ga. 2004) (citing. *Fidelity & Deposit Co. v. Morris (In re Morris),* 950 F.2d 1531, 1535

(11th Cir. 1992)). In *Morris*, the Eleventh Circuit found the following factors relevant to determining whether jurisdiction should be retained: "(1) judicial economy; (2) fairness and convenience to the litigants; and (3) the degree of difficulty of the related legal issues involved." *Morris*, 950 F.2d at 1535.

Here, each of the three factors counsels in favor of this Court's retention of jurisdiction over this proceeding. First, this action is already removed and there are no pending briefing or deadlines in the state court action. While discovery has commenced, it has not yet completed. Further, Prim's counsel has withdrawn from both this adversary proceeding and the state court action. *See* (Doc. 10); *Prim v. Immunotek Bio Centers, LLC d/b/a Freedom Plasma, et al.*, No. CV-2023-900398 (Jefferson County Circuit Court, Bessemer Division, Sep. 30, 2024) (Doc. 66) (order granting motion of Prim's counsel to withdraw from the state court action). As a result, whoever Prim might retain as replacement counsel will need to get up to speed on the status of the case regardless of venue. At bottom then, it creates no extra work, and causes no disruption to the pace of litigation, for this action to remain in federal court, and judicial economy therefore weighs against remand.

Second, it was fundamentally unfair that Prim failed to disclose the underlying state court action as an asset in her bankruptcy case, resulting in Defendants' delayed removal of the action. Prim's failure to disclose not only resulted in additional briefing that otherwise could have been avoided, *see* (Doc. 2) (Defendants' Motion

3

to Extend Time to Remove), but prevented litigation from proceeding in a federal venue as it otherwise likely would have. That is, had Prim timely disclosed the state court action, Defendants likely would have removed early in 2024. Moreover, there is little to no inconvenience to trying the case before this Court in Birmingham as opposed to the state court in Bessemer. This factor thus also counsels in favor of retention of this action.

Third and finally, the degree of difficulty of the relevant legal issues makes clear that this case should remain in federal court. While the Court correctly noted that Prim's action against Defendants "is based exclusively on tort claims under state law," that isn't true of Defendants' defenses. Specifically, Defendants intend to assert defenses related to their reporting obligations under 21 C.F.R. § 610.41 regarding deferral of certain blood products donors to the National Donor Deferral Registry (the "NDDR"). So while Prim's state law claims are based on simple theories of well-understood principles of tort, the federal law applicable to Defendants' defenses implicates a federal interest in interpretation of NDDR-related regulations and, potentially, preemption by those regulations of state tort law. Thus, the presence of relatively simple state law questions alongside more complicated federal ones makes federal court the more suitable forum.

Because the three *Morris* factors weigh against remand, this Court should retain jurisdiction over this action.

4

# CONCLUSION

WHEREFORE, PREMISES CONSIDERED, Defendants request this Court retain jurisdiction over the Lawsuit, issue any orders necessary pursuant to Fed. R. Bankr. P. 9027(e)(1), and provide such other and further relief as the Court deems appropriate.

Respectfully submitted, this the 27th day of November, 2024.

*/s/ Gabriel J. Quistorff*
*One of the attorneys for*
*ImmunoTek Bio Centers,*
*LLC d/b/a Freedom Plasma,*
*and BioTek America, LLC*

**OF COUNSEL:**

| | |
|---|---|
| Andrew J. Sinor, Jr. (asb-8207-s66a) | Gabriel J. Quistorff |
| Jerome C. Chapman IV (asb-2364-o42h) | Jeremy L. Retherford |
| | Balch & Bingham LLP |
| | 1901 6th Avenue North, Suite 1500 |
| OF COUNSEL: | Birmingham, Alabama 35203 |
| HAND ARENDALL | Telephone: (205) 226-3414 |
| HARRISON SALE LLC | Email: gquistorff@balch.com |
| 1801 5th Avenue North, Suite 400 | jretherford@balch.com |
| Birmingham, Alabama 35203 | |
| Telephone: 205-324-4400 | |
| E-Mails: dsinor@handfirm.com | |
| jchapman@handfirm.com | |

5

# CERTIFICATE OF SERVICE

       I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing and/or that a copy of the foregoing has been served upon the following by placing a copy of same in the United States Mail, properly addressed and postage prepaid, on this the 27th day of November, 2024:

Ashley Isehi Prim
6600 Avenue K
Bessemer, AL 35020

Robert D. Reese
Grafton Moore Weinacker
Bond, Botes, Reese & Shinn, P.C.
15 Southlake Lane
Suite 140
Birmingham, AL 35244
Telephone: 205-802-2200
Fax: 205-980-2331
ecfbirmingham@bondnbotes.com

*Counsel for the Debtor Ashley Prim in the Bankruptcy Case*

       */s/Gabriel J. Quistorff*
       Of Counsel